WANDA M. ROHWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rohwer v. Commissioner
Docket No. 29916-81
United States Tax Court
T.C. Memo 1984-60; 1984 Tax Ct. Memo LEXIS 614; 47 T.C.M. (CCH) 1038; T.C.M. (RIA) 84060; February 6, 1984. Wanda M. Rohwer, pro se. Howard Rosenblatt, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION
*615 PANUTHOS, Special Trial Judge: This case was assigned to Special Trial Judge Peter J. Panuthos fully stipulated for consideration and ruling pursuant to Rule 122 [1] and the provisions of section 7456(c) and (d), [2] and General Order No. 8 (81 T.C. V July 1983). Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,128. The sole issue for decision is whether petitioner is entitled to a deduction for certain moving expenses. More precisely the question is whether petitioner meets the requirements of section 217(d)(1)(B) which waives the 39-week requirement imposed by section 217(c)(2)(A) when a transfer within the 39-week period is made for the benefit of an employer. All of the facts in this case are fully stipulated and are incorporated herein by this reference. At the time of filing the petition herein petitioner resided in Los Angeles, California. On January 20, 1978, petitioner accepted a position as a caseworker with the California *616 State Department of Social Services in Bakersfield, and in that month moved from Sacramento, California, to Bakersfield, California. Petitioner incurred costs associated with the move in the amount of $3,641. Petitioner remained at the Bakersfield office through October of 1978, when she transferred to the Los Angeles office of the Department of Social Services. Thus, petitioner resided in Bakersfield for only 37 weeks and did not satisfy the 39-week requirement of section 217(c)(2)(A). Petitioner was not required by her employer to transfer to the Los Angeles office. At that time there was a statewide public employee hiring freeze in California. In order to fill vacancies in the Los Angeles office, the Department of Social Services had to find employees willing to transfer to that office. The Department of Social Services did not request petitioner to move to the Los Angeles office, it did not provide her with any incentives to do so, nor did it threaten to penalize her or any other employee for not requesting a transfer. It did, however, advertise the need for additional staff in the Los Angeles office in its various facilities. Petitioner contends that her transfer *617 was for the benefit of her employer and that the costs associated with the move should be deductible notwithstanding her failure to satisfy the 39-week requirement of section 217(c)(2)(A). [3] She contends that she falls within the exception to that requirement found in section 217(d)(1)(B). [4]
Respondent relies on in support of his position that the *618 transfer was not for the benefit of the employer because petitioner's employer did not require the transfer. Thus, argues respondent, petitioner does not fall within the "transfer for the benefit of an employer" exception to the 39-week requirement of section 217(c)(2) set forth in section 217(d)(1)(B). In , the petitioner was employed by the General Accounting Office of the United States (GAO). In September of 1975 she was transferred from her assignment in Honolulu, Hawaii, to Washington, D.C. In connection with that transfer she claimed a deduction for moving expenses on her 1975 Federal income tax return. In May of 1976, before the 39-week period had elapsed, petitioner was placed on Leave Without Pay status as a result of her request for a 1-year leave of absence to pursue a graduate degree in business. Petitioner continued on leave without pay status until January of 1977 at which time she was reassigned by GAO at her request to a post of duty in Dallas, Texas. Petitioner there argued that her leave of absence to attend school in Texas was for the benefit of her employer, and therefore that her failure to meet the 39-week *619 requirement of section 217(c) was waived because she fell within the intent of section 217(d). This Court disagreed and found that such a transfer did not come within the meaning of section 217(d)(1). The Court noted that "* * * 'transfer for the benefit of an employer' was meant to cover a transfer beyond the control of the employee; that is, a transfer initiated by the employer, not one initiated by the employee." . In considering the legislative history of section 217(c)(2) the Court noted that the 39-week requirement of that section was imposed to prevent individuals from taking temporary jobs in order to obtain a deduction for moving expenses. . In the present case, the petitioner was not required by her employer to transfer from the Bakersfield office to the Los Angeles office of the Department of Social Services. While her transfer to the Los Angeles office served a need of her employer, that alone is insufficient to bring petitioner within the safe harbor of section 217(d)(1)(B). Petitioner's transfer to Los Angeles was, as noted, not one required by her employer *620 and we find that the transfer was motivated by personal considerations. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Section 217(c)(2)(A) provides: No deduction shall be allowed under this section unless * * * during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks.↩ [Emphasis added]. 4. Section 217(d)(1)(B) provides: The condition of subsection (c)(2) shall not apply if the taxpayer is unable to satisfy such condition by reason of * * * involuntary separation (other than for willful misconduct) from the service of, or transfer for the benefit of,an employer↩ after obtaining full-time employment in which the taxpayer could reasonably have been expected to satisfy such condition. [Emphasis added].